**WEINBERG, ROGER & ROSENFELD**

ASHLEY K. IKEDA 2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
Email:  aikeda@unioncounsel.net
          jchang@unioncounsel.net

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII SHEET
METAL WORKERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII SHEET METAL WORKERS' TRUST FUNDS (Pension, Health & Welfare, Annuity, Training and Vacation & Holiday, by their Trustees, Glenn Saito, Skye Matsumoto, Sam Fujikawa, Paul Saito, Arthur B. Tolentino, Rick V. Paulino, Jeanine Lum, and Paul Fujinaga),<br><br>          Plaintiffs,<br><br>  vs.<br><br>AKUA AIR CONDITIONING LLC, a Hawaii Limited Liability Company, CATHERINE A. BAITLON, and CALBERT H. BAITLON,<br><br>          Defendants. | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "A" - "D"; SUMMONS** |

## COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named allege and aver as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Sheet Metal Workers' Trust Fund which consist of the Hawaii Sheet Metal Workers' Health & Welfare Trust Fund, Hawaii Sheet Metal Workers' Pension Trust Fund, Hawaii Sheet Metal Workers' Training Trust Fund, Hawaii Sheet Metal Workers' Vacation & Holiday Trust Fund and Hawaii Sheet Metal Workers'Annuity Trust Fund (hereafter "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds and Plan (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose

principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant AKUA AIR CONDITIONING LLC (hereinafter "Defendant AKUA"), was, and is now, a Hawaii limited liability company doing business in the State of Hawaii.

5. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein Defendant CALBERT H. BAITLON ("Defendant CALBERT"), was and is a resident of the State of Hawaii and a Member of AKUA, and in charge of the day-to-day operations of AKUA, including the decisions pertaining to the payment of contributions to Plaintiffs.

6. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein Defendant CATHERINE A. BAITLON (hereinafter "Defendant CATHERINE"), was and is a resident of the State of Hawaii and was a Member of AKUA, and in charge of the day-to-day operations of AKUA, including the decisions pertaining to the payment of contributions to Plaintiffs.

7. On or about January 17, 2017, Defendant AKUA, by and through its Member, Defendant CALBERT, executed that certain Memorandum of Agreement (hereinafter "Memorandum of Agreement"), with Sheet Metal Workers International Association, Local Union 293, AFL-CIO (hereinafter "Union"), binding it to said Union's collective bargaining and trust agreements. A true copy of the Memorandum of Agreement is attached herein as Exhibit "A," and is incorporated by reference. Said Memorandum of Agreement by its terms incorporated the then existing Master Agreement Covering Sheet Metal Workers in the State of Hawaii and subsequently the "Labor & Management Agreement Between Sheet Metal Workers International Association, Local 293 & Sheet Metal Contractors Association, effective March 1, 2015 through February 29, 2020," and all of the amendments, modifications, changes, extensions and renewals thereto (hereinafter "Master Agreement") and the various Trust Agreements establishing each of Plaintiffs' trusts. By said agreement(s), Defendant AKUA promised to contribute and pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant AKUA's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after January 17, 2017.

8. By said agreement(s), Defendant AKUA promised to submit timely reports to the Trust Funds regarding hours worked by Defendant AKUA's

4

covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after January 17, 2017, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid and post a surety bond or cash-in-escrow to secure payment or contribution if required by the Trust Funds.

9. By said agreement(s), Defendant AKUA agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any of Defendant AKUA's contributions to any of the Trust Funds for a month are not paid or postmarked by the 20th of the month immediately following, such contributions are delinquent and Defendant AKUA will pay damages to such fund in the amount of 10% of such delinquent contributions for the first month and one and one half percent (1 ½ %) for each and every month thereafter that such delinquent contributions are not paid.  Said damages being due and payable to such funds as liquidated damages and not as a penalty upon the date immediately following the date such contributions becomes delinquent and shall be in addition to the total of the delinquent contributions.

10. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed under 26 U.S.C. §6621 on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

11. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under 26 U.S.C. § 6621 on any unpaid contributions.

12. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant AKUA to permit Plaintiffs to determine whether Defendant AKUA is making full payment as required under said agreement(s).

13. Plaintiffs have notified Defendant AKUA and have demanded it to submit timely payments and reports, but Defendant AKUA has failed, neglected and refused to do so.

14. Defendant AKUA now continues to fail, neglect and refuse to submit timely payments and reports, and it will continue to do so unless ordered to specifically perform the agreement(s) to submit timely payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant AKUA, thus Defendant AKUA's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless Defendant AKUA is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

15. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 14 of the First Cause of Action hereinabove set forth.

16. By said written agreement(s), Defendant AKUA agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant AKUA employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant AKUA during the time said agreement(s) were in full force and effect.

17. Defendant AKUA's delinquencies to the Plaintiffs are as follows:

| | | |
|---|---|---|
| a. | Contributions (9/19 - 4/21 reports) : | $ 1,501.03 |
| b. | Liquidated Damages (9/19 – 4/21 reports) to 6/1/21 ($.74 per diem): | $30,329.15 |
| | GRAND TOTAL: | $31,830.18 |

plus attorneys' fees and costs, for said report periods, plus interest.

18. Defendant AKUA may owe Plaintiffs additional monetary payments for Defendant AKUA's covered employees, the amount of which is unknown at this time because Defendant AKUA has neglected and refused to and

submit timely reports to the aforesaid Trust Funds. If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

19. Defendant AKUA's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant AKUA may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

20. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

21. By said agreement(s), Defendant AKUA further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant AKUA, it would pay all court and collection costs and reasonable attorneys' fees.

22. By virtue of the foregoing, Plaintiffs have been damaged in the amount of $31,830.18 and such additional amounts as may be proven at trial of hearing on proof.

23. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

### THIRD CAUSE OF ACTION
### (BREACH OF GUARANTY)

24. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 23 of the First through Second Causes of Action hereinabove set forth.

25. On or about November 19, 2018, Defendant CALBERT and Defendant CATHERINE guaranteed payment of all delinquencies owed to the Trust Funds by Defendant AKUA by virtue of the Trust Fund Continuing Guaranty (hereinafter "Guaranty"), effective November 19, 2018, a true copy of which is attached hereto as Exhibit "B," in accordance with a Letter Agreement and Promissory Note effective November 8, 2018. A true copy of the Letter Agreement and Promissory Note are attached hereto as Exhibit "C" and "D," respectively.

26. Plaintiffs notified Defendant AKUA, Defendant CALBERT and Defendant CATHERINE that because they had defaulted on their payment obligations under Letter Agreement and Promissory Note, Plaintiffs were asserting

under the Guaranty their right to immediate payment from the Defendants, pursuant to the terms of the Master Agreement.

27. Defendant CALBERT and Defendant CATHERINE have refused and failed to comply, and continue to refuse and comply, with Plaintiffs' demand for payment pursuant to the express terms of the Guaranty.

28. Accordingly, as a result of said breach of the Guaranty, Defendant CALBERT and Defendant CATHERINE, are jointly and severally liable to Plaintiffs under the Guaranty for the amounts herein described as owed to Plaintiffs by Defendant AKUA pursuant to the terms of the Master Agreement, as set forth in the Second Cause of Action.

29. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant AKUA AIR CONDITIONING, LLC, a Hawaii Limited Liability Company, Defendant CALBERT H. BAITLON and Defendant CATHERINE A. BAITLON, jointly and severally (collectively "Defendants"), as to the First, Second, and Third Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendant AKUA to submit timely reports and payments in accordance with said agreement(s).

2. That the Court order Defendant AKUA to permit Plaintiffs to audit its payroll books and records in accordance with said agreement(s), as amended.

10

3. That the Court awards to Plaintiffs and against Defendants such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court award to Plaintiffs and against Defendants interest at the rate prescribed under 26 U.S.C. § 6621, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5. That the Court orders and compels Defendant AKUA to furnish to each of the Plaintiffs' Trust Funds a surety bond or cash-in-escrow in the amount equal to AKUA's last three (3) months of contributions or $5,000.00, whichever is greater.

6. That the Court awards the Plaintiffs and against the Defendants the sum of $1,501.03 in known September 2019 through April 2021  report contributions, plus interest on said contributions at the rate prescribed under 26 U.S.C. §6621.

7. That the Court awards the Plaintiffs and against the Defendants liquidated damages for the September 2019 through April 2021 report periods as provided in said agreement(s) of $30,329.15 through June 1, 2021, and at $.74 per

diem thereafter, or an amount equal to interest at the rate under 26 U.S.C. §1132(g), whichever is greater, on any unpaid contributions due and owing. 29 U.S.C. §1132(g).

8. For entry of Judgment against Defendants for the total amount of $31,830.18, plus liquidated damages at $.74 per diem from June 1, 2021 until entry of judgment, as set forth above, plus any additional sums as requested above and below.

9. That the Court awards the Plaintiffs and against the Defendants such additional amounts, including, but not limited to, liquidated damages and interest on any additional audit or report contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10. That the Court awards the Plaintiffs and against Defendants all collection cost, costs of court and reasonably attorney's fees pursuant to said agreement(s) or other laws. 29 U.S.C. §1132(g).

11. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii,     June 7    , 2021.

    WEINBERG, ROGER & ROSENFELD

By  */S/ ASHLEY K. IKEDA*
    ASHLEY K. IKEDA
    JERRY P.S. CHANG
    Attorneys for Plaintiffs
    TRUSTEES OF THE HAWAII
    SHEET METAL WORKERS'
    TRUST FUNDS